```
                        UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF FLORIDA

                        CASE NO. 13-81009-CIV-HURLEY
                        MAGISTRATE JUDGE P.A. WHITE
```

NORRIS HAWKINS,                  :

    Petitioner,              :   REPORT RE DISMISSAL
                                               FOR FAILURE TO OBTAIN
v.                               :   AUTHORIZATION PURSUANT TO
                                               28 U.S.C. §2244(b)(3)
MICHAEL CREWS,                   :

    Respondent.              :
_____

      The pro-se petitioner Norris Hawkins filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking the conviction, following a jury trial, in case no. 77-1154CF for second degree murder and trespass of an occupied structure entered in West Palm Beach, Florida. He is attempting to avoid the procedural bar against filing successive petitions by citing to Martinez v Ryan, 132 S.Ct 1309 (2012.

      On April 24, 1996, the habeas corpus statutes were amended. Included in the new amendments is a change in 28 U.S.C. §2244, which now reads as follows:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus except as provided in section 2255.
>
>                       * * *
>
> (b)(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

>     (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>     (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>     (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>     (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
>     (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.
>
>                     *   *   *

(Emphasis added.)

On the same day, April 24, 1996, 28 U.S.C. §2255 was amended in relevant part to provide the following:

>     A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>      (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>      (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The petitioner filed three prior habeas corpus petitions attacking his 1977 conviction. Case no. 98-8706-Civ-Huck was denied on June 29, 2001. The Mandate affirming the Court's Judgement was issued on September 13, 2002. Case No. 06-80298-Civ-Middlebrooks was dismissed as successive on September 15, 2006, and on March 26,

2007, the Eleventh Circuit declined to issue a certificate of appealability. Case No. 12-80776-Civ-Ryskamp was also dismissed as successive on September 7, 2012. The Eleventh Circuit declined to issue a certificate of appealability.

In this case, the petitioner seeks to avoid the procedural bar against filing successive motions by referring to Martinez v. Ryan, ---U.S. ----, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012. This argument is unavailling; Coleman v Sauers, 2012 WL 4206287, at *3 n. 7 (E.D.Penn. July 26, 2012), adopted by 2012 WL 4207180 (E.D.Penn. Sept. 20, 2012) (stating that Martinez did not announce a new rule of law or make it retroactively applicable); Gamboa-Victoria v US, 2012 WL 5449999 (Fla MD 2012). In Martinez, the Supreme Court held that in states where a defendant is formally barred from raising an ineffective assistance of counsel claim against trial counsel until the collateral appeal phase of his case, a prisoner may now establish cause to overcome procedural default of a substantial ineffective assistance of counsel claim in two circumstances: (1) where he was not appointed counsel in that initial-review, collateral proceeding to litigate the ineffective claim; and (2) where appointed counsel, in that initial-review collateral proceeding, ineffectively litigates the ineffective claim itself. Martinez, ___ U.S. ___, 132 S.Ct. at 1320-21.

Here, petitioner does not indicate how Martinez is applicable to him, much less that the case announced a new rule of law, retroactively applicable to cases on collateral review. Therefore, Petitioner's instant §2254 petition is successive. The Court cannot address the merits of a successive petition without permission from the Eleventh Circuit. US v Hutchinson, 2013 WL 1765201*1 (Fla. ND 2013).

3

If the movant intends to pursue this case, he should forthwith apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. §2244(b)(3)(A). The movant will be provided with a form to apply for such authorization with this report.

On its face, this successive motion is barred by the one year statute of limitations provided by 28 U.S.C. §2255. Under the circumstances of this case it does not appear that either a direct transfer of the case to the Court of Appeals pursuant to 28 U.S.C. §1631, or a stay of the present case would be appropriate. See generally Tomkins v Sec'y Dep't of Corr., 557 F.3d 1257, 1259 (11 Cir 2009); Guenther v. Holt, 173 F.3d 1328 (11 Cir. 1999).

It is therefore recommended that this case be dismissed as successive.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 10th day of October, 2013.

_____
UNITED STATES MAGISTRATE JUDGE


cc:   Norris Hawkins, Pro Se
      869111
      Sumter Correctional Institution
      Address of record

4