# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 13 CV 81009 DTKH

# The attached hand-written document has been scanned and is also available in the SUPPLEMENTAL PAPER FILE

SU... CORRECTIONAL INSTITUTION
10/30/13

United States District Court
Southern District of Florida

FILED by _____ D.C.
NOV 05 2013
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. – MIAMI

Norris D. Hawkins
    Petitioner,

Case No: 13-81009-CV-Hurley
District Judge: Hurley

V.

Michael Crews,
    Respondents,

## Petitioner's Objection To Magistrate's Report And Recommendation

Pursuant to Fed. Civ. Proc. R. 72(b)(2) 2013.

Petitioner, Norris D. Hawkins, in pro se, respectfully moves this Honorable District Court, pursuant to Fed. Civ. Proc. R. 72(b)(2) and Fed. Civ. Proc. R. 60(b)(6) files this Objection to the Magistrate's Report and Recommendation dated: October 10", 2013.

Respectfully Submitted,
Norris D. Hawkins, Pro se
9544 County Road 476-A
Bushnell, Florida
33513

# Procedural History

## Previous Case:

1.) On December 4th, 1978, Hawkins was convicted on Count One, Trespass of an Occupied Structure and Second degree Murder, in Count Two, following Jury Trial in L.T. Case No: 77-1154 CF in the 15th Judicial Circuit Court, in and for Palm Beach County, Florida.

## Direct Initial Review

2. On June 10th, 1980, Hawkins, through undersigned counsel, filed a Petition for Writ of Habeas Corpus during his initial Review into the Fourth District Court of Appeals in DCA Case No: 4D79-114, which appellate counsel raised the following claims:

  A.) The Trial Court erred in denying appellant's Motion to Suppress Confession where the appellant's statement was given when his mental state was at best turbulent and in Response to an implied threat that the community was in arms about the homicide and the Promise to convince others that appellant did not commit a Sexual Assault on the Elderly Lady victim.

  b.) The Trial Court erred in allowing introduction of testimony that the defense psychiatrist had found appellant incompetent to stand trial where that issue had been determined adversly to appellant based on the opinion of the states psychiatrist and was irrelevant to the jury's determination of the issue properly before it appellant's insanity at the time of the offense.

-2-

On June 3rd, 1981, The District Court of appeals "Per Curiam Affirmed" in a written opinion in DCA Case No: 4D79-114; Hawkins-v-Wainwright 399 So 2d 449 (Fla. 4th Dist 1981).

### Petition for writ of Habeas Corpus: Southern District:

3. On January 28th, 1998, petitioner file a petition for writ of Habeas Corpus, pursuant to Fed Proc. Civ. R. 28 USC 2254 into the Southern District of Florida, United States District Court in Case No: 98-8706-CV-Huck, Raising the following claims:

A.) Appellate Counsel failed to Raise that the Court erred by Refusing to instruct On Misdemeanor Murder;

b.) Appellant Counsel failed to Raise the trial Court Erred in failing to Reduce his Sentence and Judgement to Third degree Murder or Manslaughter;

c.) Appellant Counsel failed to Raise that the trial Court failed to give a Complete instruction On Manslaughter when it Omitted the definition of Justifiable and Excusable homicide;

d.) Appellate Counsel failed to Raise that the trial Court erred by Reading a Modified Self-defense instruction of Home;

Subsequently, On December 1st, 1999, petitioner filed a Motion to Amend his initial habeas Corpus Petition with two Preserved claims which was Raised On Direct Appeal and Ten (10) Additional Ineffective trial and

-3-

Appellate counsel claims premised on the futility doctrine as follows:

A.) The Trial Court erred in allowing the introduction of testimony from the defense psychiatrist in court;

b.) Trial counsel failed to object to the state's introduction of inadmissible hearsay "without objection" due to conflict of interest;

c.) Trial counsel failed to object when the trial judge and stenographer were not present during jury voir dire selection proceeding;

d.) Trial counsel failed to challenge juror for cause;

E.) Petitioner was denied due process because defective indictment and information;

f.) Counsel failed to raise petitioner was denied due process because prosecution misconduct;

g.) Counsel failed to object to inadmissible hearsay violated his rights to confrontation;

h.) Counsel failed to raise petitioner was denied due process because his statements which was given during psychiatric examination was used at trial toward his guilt;

i.) Counsel failed to raise jury was not sworn in to serve;

J.) Counsel failed to raise petitioner was denied due process when the trial court read an erroneous jury instruction on defense of home.

-4-

On January 3rd, 2000 the State filed its Response contending petitioner's amended Issues should be procedurally barred, on adequate and independent grounds for failure to Exhaust and should be dismissed.

On August 22nd, 2000, Magistrate Judge Report and Recommendation that petitioner's amended claims be dismissed and, petition for Writ of Habeas Corpus be denied, in case No: 98-08706-CV-PCH.

On June 29th, 2001, The Southern District Court of Florida, District Judge "Affirmed" the Magistrate's Report and Recommendations in case No: 98-08706-CV-PCH.

On July 30th, 2001, Petitioner filed a Notice of Appeal to the Eleventh Circuit Court of Appeals, Certificate of appealability and Affidavit and Motion to Proceed in forma Pauperis. On August 8th, 2001, the Southern District of Florida denied the Certificate of appealability and, granted the Affidavit and Motion to Proceed in forma Pauperis.

On Appeal: Eleventh Circuit Court of Appeals:

4.) On November 19th, 2001, The Eleventh Circuit Court of Appeals granted Petitioner's Certificate of appealability, in case No: 01-14364. As to the following claims:
1. Whether Hawkins Constitutional Rights were violated when the Trial Judge was not present for Jury Selection Proceedings.

-5-

2. Whether the district court erred in failing to consider whether Hawkins alleged mental illness constituted sufficient cause and prejudice to overcome a procedure bar as to his claim that his constitutional rights were violated when the trial judge was not present for jury selection proceedings.

After states response, on July 8, 2002, the Eleventh Circuit Court of Appeals "Affirmed" and dismissed the petition for failing to show cause of ineffective assistance of counsel in case No: 01-14364, see, Hawkins-v-Sec. for Dept of Corr. C.A. 11 (Fla) 2002, 45 Fed Appx 884.

On September 5, 2002, the Eleventh Circuit Court of Appeals denied Petitioner's Motion for Rehearing En banc in, Hawkins-v-Sec. Dept of Corr, Michael Moore, 48 Fed Appx 744 C.A. 11 (Fla) 2002.

Present Case:

Martinez-v-Ryan Application:

5.) Petitioner initiated this instant case as a result of the holding in Martinez-v-Ryan, __U.S.__ 132 S.Ct. 1309, 182 L.Ed 2d 272 (2012), (which relates back to the initial petition for writ of habeas corpus filed into the Southern District Court in case No: 98-8706-CV-

-6-

Huck and Eleventh Circuit Court of Appeals, Judgements in Case No: 01-14634), which Petitioner states that he recieved ineffective assistance of trial counsel durning trial for failing to preserve these claims by motion for new trial and, ineffective appellate counsel for failing to raise these claims on his initial Direct Review in the Fourth District Court of Appeals in DCA Case No: 4D99-114. and was denied on a procedural default, based on independent and adequate grounds. This procedural bar is excused by the Supreme Court's decision in Martinez -v- Ryan. Supra. which entitles him to a reopening of his habeas corpus proceeding under Federal Civil Procedure Rule, 60(b)(6)(2013).

In Martinez, Supra, the Supreme held that, states:"where a defendant is normally barred from raising an ineffective assistance of counsel claim against trial counsel until collateral appeal stage of his case", a prisoner may now establish cause to overcome procedural default of a substantial ineffective assistance of counsel claim in two circumstances:(1) where he was not appointed counsel in that initial review, collateral proceeding to litigate the ineffective claim, and (2), where appointed counsel in that initial review collateral proceeding, ineffectively litigates the ineffective claim itself. Martinez, Supra. 132 S.ct. at 1320-21.

-7-

Moreover, Martinez, provides a "limited Exception" to Florida Rule that, claims of ineffective Assistance of trial Counsel are brought by Motion for post Conviction Relief. In Grubb-v-Singletary, 900 F. Supp. 425 (1995), "Under Florida law, Allegations of ineffective Assistance of trial Counsel are not Cognizable under petition for writ of Habeas Corpus in the initial Review, unless it is apparent on the face of the Record. Instead, they are Reviewable by Motion for post Conviction Relief." In this instant Case, Petitioner's initial direct Review did not Contain Allegations of ineffective Assistance of Trial Counsel. see. Hawkins-v-Wainwright 399 so 2d 449 (Fla. 4th DCA 1981).

Merits:

Initially in this Case, Petitioner Raised the claim that his Trial Counsel was ineffective at Trial, where the Trial Judge was not Present during Jury Selection proceeding, And the Eleventh Circuit Court granted Hawkins a Certificate of appealability in Case No: 01-14634, when Petitioner made a sufficient showing for a Strickland-v-Washington, 466 U.S. 668, 104 S. Ct 2052, 80 L. Ed 2d 674 (1984), violations as to his trial Counsel. And appellate Counsel during initial Review. which would Entitle Hawkins to be under Martinez is Excused of his procedural default of his claim, Enabling A federal district Court to adjudicate the Claim on the merits. In short, Petitioner has shown Cause for the Procedure Bar, that appellate Counsel did not Raise this ineffective Assistance of trial Counsel in the initial Direct

-8-

Review and in Florida, Ineffective Assistance of trial Counsel claims are not Cognizable in the petition for writ of Habeas Corpus during the initial Direct Review, but through Post Conviction Relief Motion Rule 3.850, therefore, Appellate Counsel was ineffective for failing to litigate the ineffective Assistance trial Counsel claim, provide Cause to Excuse the procedural default in a federal proceeding, Even if it was Optional.

Wherefore, Petitioner Respectfully Request that this Honorable Court accept this Objection and, Reverse and Remand the Magistrate to accept the petition for Writ of Habeas Corpus as timely and, Excuse the procedure bar Enabling this Court to adjudicate the claim on the Merits.

Dated: 10/31/13

Respectfully Submitted,
Norris B. Hawkins, Pro SE
Sumter Correction Institution
9544 County Road 476-B
Bushnell, Florida
33513

-9-

## Declaration

I, Norris B. Hawkins. 869111 declare, under penalty of perjury that I have read and subscribe to the above and state that the information contained therein is true and correct to the best of my knowledge.

Executed: October 31st 2013 At, Sumter Correctional Institution
9544 County Road 476-B
Bushnell, Florida
33513

Norris B. Hawkins. Pro se
#869111

-10-